IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | |
| SAFEWAY, INC., BLACKHAWK | § § | Civil Action No. _09-cv-00106_____ |
| NETWORK, INC., BLACKHAWK | § | |
| MARKETING, LLC and RANDALL'S | § | |
| FOOD & DRUGS, LP, | § § | |
| Defendant. | § § | |

## ORIGINAL COMPLAINT

Plaintiff Excentus Corporation ("Excentus"), for its Original Complaint against Defendants Safeway, Inc. ("Safeway"), Blackhawk Network, Inc. ("Blackhawk Network"), Blackhawk Marketing, LLC ("Blackhawk Marketing," and sometimes Blackhawk Marketing and Blackhawk Network are referred to herein collectively as "Blackhawk"), and Randall's Food & Drugs, LP ("Randall's"), alleges as follows:

### BACKGROUND

1.      Beginning in the late 1990's, Excentus and Auto-Gas Systems, Inc. ("Auto-Gas") each separately created and developed (at great expense) highly technical computerized systems and trade secrets which provide retailers with a way of providing rewards to their customers in the form of gasoline discounts, as described below in greater detail.  Auto-Gas also obtained several United States Patents which, according to Blackhawk Network, provide a barrier to entry into the fuel rewards business.  Excentus was assigned and now owns these patents issued to Auto-Gas and the related Auto-Gas trade secrets (in addition to its own trade secrets).

2.      In 2006 and 2007, Blackhawk and its parent company Safeway separately

- 1 -

solicited the potential acquisitions of Excentus and Auto-Gas.  As part of their due diligence in connection with such potential acquisitions, Blackhawk and Safeway obtained, on a confidential basis, virtually all of the trade secrets and confidential information of both Excentus and Auto-Gas.  In February 2007, Blackhawk entered into a letter of intent to acquire certain Auto-Gas patents and related intellectual property for $75 million, just days after Excentus declined Blackhawk's offer to acquire Excentus.  Instead of closing the deal with Auto-Gas, or making a higher offer to acquire Excentus, Safeway and Blackhawk decided on a cheaper – though illegal – way to enhance and make Safeway's fuel rewards more competitive in the grocery market and for Blackhawk to leverage this into a program, like it did with its gift card business, that it could market such fuel rewards programs to other retailers in competition with Excentus and Auto-Gas.

3.        Safeway and Blackhawk had spent about a year obtaining and studying the patents, trade secrets, computer systems, and know-how of Excentus and Auto-Gas on a confidential basis.  Instead of going forward with acquiring one or both of those companies, Safeway and Blackhawk schemed and planned to steal the trade secrets, computer systems, and know-how of Excentus and Auto-Gas and to infringe on the Auto-Gas patents.  First, Blackhawk walked away from the anticipated transactions in 2007.  In the following months, Safeway, Blackhawk, and Safeway's subsidiary Randall's took the information they obtained on a confidential basis from Excentus and Auto-Gas and developed their fuel rewards program (called "PowerPump Rewards"), unlawfully infringing the patents and unlawfully using the technologies, trade secrets and confidential information of Excentus and Auto-Gas.

4.        The patents and trade secrets are now owned by Excentus, which brings this civil action against all the Defendants.

## PARTIES

5.      Excentus is a Corporation duly organized and existing under the laws of the State of Texas, having a principal of business at 1255 Corporate Drive, Suite 100, Irving, Texas 75038.

6.      Defendant Safeway, Inc. ("Safeway") is a Corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. Safeway may be served by serving its registered agent for service of process, United States Corporation Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

7.      Defendant Blackhawk Network, Inc. ("Blackhawk Network") is a Corporation duly organized and existing under the laws of the State of Arizona, having a principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. Blackhawk is a subsidiary of Safeway located at Safeway's corporate headquarters. This Court has specific and general personal jurisdiction over Blackhawk Network because, in addition to the facts set forth below, Blackhawk Network committed a tort in whole or in part in Texas. That action constitutes doing business within the State of Texas pursuant to TEX. CIV. PRAC. & REM. CODE §17.042. Despite conducting business within the State of Texas, Blackhawk Network does not maintain a regular place of business in Texas and does not have a registered agent for service of process in Texas. As a result, pursuant to TEX. CIV. PRAC. & REM. CODE §17.044(a)(1) & (3), Blackhawk Network may be served by serving the Texas Secretary of State as its agent for service of process, which may forward the petition and citation to Blackhawk Network's home office and corporate headquarters located at 5918 Stoneridge Mall Road, Pleasanton, California 94588.

8.      Defendant Blackhawk Marketing, LLC ("Blackhawk") is a limited liability company duly organized and existing under the laws of the State of Delaware, having a principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. Blackhawk Marketing also is a subsidiary of Safeway located at Safeway's corporate headquarters. This Court has specific and general personal jurisdiction over Blackhawk Marketing because, in addition to the facts set forth below, Blackhawk Marketing committed a tort in whole or in part in Texas. That action constitutes doing business within the State of Texas pursuant to TEX. CIV. PRAC. & REM. CODE §17.042. Despite conducting business within the State of Texas, Blackhawk Marketing does not maintain a regular place of business in Texas and does not have a registered agent for service of process in Texas. As a result, pursuant to TEX. CIV. PRAC. & REM. CODE §17.044(a)(1) & (3), Blackhawk Marketing may be served by serving the Texas Secretary of State as its agent for service of process, which may forward the petition and citation to Blackhawk Marketing's home office and corporate headquarters located at 5918 Stoneridge Mall Road, Pleasanton, California 94588.

9.      Defendant Randall's Food & Drugs, LP ("Randall's") is a limited partnership duly organized and existing under the laws of the State of Delaware, having a principal place of business at 5918 Stoneridge Mall Road, Pleasanton, California 94588. Randall's owns and operates the Tom Thumb Food & Drugs stores in the Northern District of Texas. Randall's sole general partner is Randall's Food Markets, Inc., a corporation organized and existing under the laws of the State of Delaware. Defendant Randall's Food & Drugs, LP may be served by serving its registered agent for service of process, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

## JURISDICTION

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 et seq. For the non-patent infringement claims, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy greatly exceeds $75,000.00. In the alternative, this Court has supplemental jurisdiction over the non-patent infringement claims pursuant to 28 U.S.C. § 1367 because all the non-patent infringement claims are so related to the patent infringement claims that they form the same case or controversy under Article III of the United States Constitution.

11. The Court has personal jurisdiction over Defendants in that each of them has committed acts within Texas and this judicial district giving rise to this action, and each of the Defendants has established minimum contacts with the forum such that the exercise of jurisdiction over each of Defendants would not offend traditional notions of fair play and substantial justice.

## VENUE

12. Each of Defendants has committed acts within this judicial district giving rise to this action and does business in this district, including offering for sale, making sales and providing service to their respective customers in this district. Acts of infringement and other tortious conduct have occurred in this district. Furthermore, the main inventor of the asserted patents conceived of and reduced his inventions to practice in the Abilene Division of the Northern District of Texas. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b) & (c) and 1400(b).

**FACTS**

13.     Beginning in late 1996 and continuing until the filing of the patents, Randy Nicholson ("Nicholson") conceived of and worked continuously to develop the asserted claimed inventions in Abilene, Texas. Nicholson is a long-time Abilene resident. When Nicholson started his new business known as Auto-Gas in late 1986, he did so in Abilene. Auto-Gas has been based in Abilene since its inception.

14.     Long before fuel rewards were used as they are today, Nicholson conceived of the inventions, reduced them to practice and sought patents for them. Nicholson is recognized as a pioneer of many aspects of the retail fuel industry including innovations such as unattended fuel sites for commercial fleets, pay-at-the-pump technology for which he was recognized by USA Today, and providing fuel rewards to customers (which he patented). In order to put his patents to work, Nicholson used Auto-Gas. Auto-Gas successfully implemented the patents in its business and by way of licensing the patents to third parties.

15.     In addition to owning the patents, Auto-Gas expended great effort and expense to create and develop highly technical computerized systems, trade secrets and confidential information to provide retailers with a way of providing rewards to their customers in the form of gasoline discounts. The Auto-Gas systems, trade secrets and confidential information included information regarding how retailers could process and accumulate rewards for reduced prices for gasoline, how retailers promotional items could be used with gasoline credits, how each customer's rewards information could be accessed, stored, identified and retrieved for gasoline discounts, how limitations could be placed on such rewards, and how a retailer could allow the rewards to be used at gasoline pumps.

16.     Excentus also is a pioneer in the fuel rewards industry. Excentus was started in 1996 for the purpose of developing and marketing fuel marketing technology and services to

retailers. Today, Excentus is the market leader of providing such technology and services, including its own fuel reward program (called "fuelperks!"), to numerous retailers in the United States.

17.    In September 2008, Excentus acquired the Nicholson Patents, Nicholson joined the Board of Excentus, and Auto-Gas became a shareholder of Excentus. Excentus also has acquired all of the Auto-Gas software, systems, trademarks, customers, business operations, trade secrets and confidential business or technical information related to the Auto-Gas fuel reward products and services, as well as Auto-Gas' causes of action for prior misappropriation of such trade secrets and confidential business or technical information.

18.    In addition to owning the Auto-Gas patents, trade secrets and confidential information, Excentus previously had expended and continues to expend great effort and expense to create and develop highly technical and market-specific software, computer systems, documentation, trade secrets and confidential information to provide retailers with a way of developing highly effective rewards programs and providing rewards to their customers in the form of gasoline discounts in a cost-effective and timely manner. The Excentus systems, trade secrets and confidential information include, but are not limited to:  (a) software developed specifically to integrate and enable non-fuel-specific retail systems to support fuel rewards programs; (b) software to collect and maintain customer account information and manage the accumulation, redemption and settlement of fuel rewards for such customer accounts; (c) information regarding how retailers can develop fuel rewards programs that fit their specific business and marketing resources and plans utilizing Excentus' software to leverage and integrate their existing systems and equipment with other systems (including Excentus' systems) to minimize costs and time to market as well as to measure and improve their results; (d)

information regarding how retailers can operate and promote their fuel rewards programs and provide rewards for item-specific purchases, department-specific purchases or total purchases or any combination thereof and the instant redemption of fuel rewards at the gas pump when customers purchase fuel at participating fuel locations; and (e) information regarding how retailers can network different retailers together to cross-market fuel rewards to increase their desired program benefits.

19.     The acquisition by Excentus of Auto-Gas' patents, trade secrets and technical information has aligned the critical patents in the fuel rewards industry with the market leader in the industry, and has combined both of their market-specific software, computer systems, trade secrets and confidential information regarding how retailers can provide rewards to their customers in the form of gasoline discounts in the most efficient and effective manner.  It also has allowed Excentus and Auto-Gas to determine that Safeway, independently and through its Blackhawk and Randall's subsidiaries, has engaged in the wrongdoing as alleged in this complaint.  In fact, Defendants now infringe patents which Blackhawk Networks acknowledged in writing: "Auto-Gas Patents Provide Barrier to Entry [into the Fuel Rewards Market]."

## SAFEWAY AND BLACKHAWK

20.     Safeway is a large retail grocery store chain, owning and operating numerous Randall's and Tom Thumb stores in Texas.

21.     Blackhawk is one of the largest suppliers of gift cards to retailers.  Blackhawk's retail customers include not only Safeway's stores, but many other large and small retail chains.

## PRIOR RELATIONSHIP OF SAFEWAY AND EXCENTUS

22.     Excentus was formerly known as CCISTech.  In May of 2000, CCISTech and Safeway entered into a Software License and General Service Agreement (the "May 2000 Agreement").  The May 2000 Agreement was terminated by Safeway effective May 19, 2005.

- 8 -

The software and services provided in the May 2000 Agreement are not at issue in this civil action at this time, but provide context for the events which took place beginning in 2006 through the present date.

SAFEWAY AND BLACKHAWK APPROACH EXCENTUS

23.     In the spring of 2006, Safeway and Blackhawk requested information from Excentus and said they were "interested in an overview of the Fuel Perks system / Features." Shortly thereafter, but before any trade secrets or confidential information was disclosed, Blackhawk Marketing and Excentus entered into a Mutual Nondisclosure Agreement. Blackhawk and Safeway then sought to explore potential business opportunities between Blackhawk and Excentus and, after extensive discussions, proposed that Blackhawk would acquire Excentus. In connection with what Safeway and Blackhawk said was the pursuit of such potential business, Blackhawk and Safeway sought and obtained in depth due diligence information and had numerous discussions with Excentus – in both the Northern District of Texas and in California – regarding Excentus' trade secrets and confidential information as described above, as well as other trade secrets and confidential information regarding Excentus' business, technology, software, systems, plans and potential opportunities to provide fuel rewards technology and services to Safeway and other Blackhawk customers. Blackhawk and Excentus also discussed the patents owned by Auto-Gas.

24.     Blackhawk then informed Excentus that its parent corporation, Safeway, wanted to conduct its own due diligence on Excentus  Excentus then received a due diligence request from Safeway, and a meeting was held at the Excentus offices on February 1, 2007. Attendees included the Chief Information Officer of Safeway, a Vice-President of Information Technology for Safeway, the Chief Technology Officer for Blackhawk, the General Counsel and Senior Vice President of Corporate Development of Blackhawk and the Information Technology Director for

Blackhawk. Leading up to this meeting and at this meeting, numerous business and technical details of the Excentus Fuel Rewards Program were disclosed to individuals of Safeway and Blackhawk. These business and technical details constitute some of the trade secrets and confidential information misappropriated by Safeway and Blackhawk which are at issue in this civil action (in addition to their infringement of the patents acquired by Excentus which previously were owned by Auto-Gas). The Safeway and Blackhawk individuals were so impressed with Excentus that two days later, on February 3, 2007, they delivered correspondence expressing an interest in "pursuing a negotiated acquisition of Excentus. . . ."

## BLACKHAWK ALSO APPROACHES AUTO-GAS

25.     Following notice from Excentus of the existence of Auto-Gas and its patent portfolio, Blackhawk also approached Auto-Gas in the latter part of 2006. Numerous confidential discussions were held with Auto-Gas. During those discussions, the technical details and all aspects of the Auto-Gas rewards system and the Auto-Gas computer systems were disclosed to Blackhawk along with other misappropriated trade secrets at issue in this civil action. The Auto-Gas discussions initially appeared fruitful. On February 12, 2007, Blackhawk delivered to Auto-Gas correspondence expressing an interest in pursuing a "negotiated acquisition of all the patents related to the Fuel Rewards program of Auto-Gas. . . ." This document was signed on behalf of Blackhawk by the same General Counsel and Senior Vice President of Corporate Development who attended the meetings with Excentus on February 1, 2007 (only 11 days earlier). Auto-Gas executed this document and continued to disclose trade secrets and other confidential business information (in addition to the patents then owned by Auto-Gas) to Blackhawk through the Fall of 2007.

**BLACKHAWK OBTAINS CONFIDENTIAL INFORMATION,
WALKS AWAY, AND UNFAIRLY USES THE MISAPPROPRIATED INFORMATION**

26.     After learning everything they needed to know about the fuel rewards business and computer systems from Excentus and Auto-Gas, Blackhawk failed to close either deal to acquire Excentus or Auto-Gas. Blackhawk made extensive "due diligence" inquiries of Auto-Gas and Excentus in furtherance of its pretended purchases of the assets or businesses of Auto-Gas and Excentus. Indeed, Blackhawk obtained virtually all of the confidential information of Excentus and Auto-Gas concerning the patents, confidential operating systems, contracts and business methodologies. Blackhawk "drilled deep." Blackhawk had attorneys review the Plaintiff's patents, licenses and contracts. Blackhawk had computer experts review the computer programs and operating systems. Following the documentary reviews, Blackhawk requested and obtained face-to-face conferences with the Excentus and Auto-Gas representatives in which the Blackhawk representatives learned the very particular details of the confidential information (even how Auto-Gas would protect its patents). Blackhawk took the information thus obtained, studied it, and requested follow-up information until its representatives knew precisely and in great detail how the businesses, operating systems, computer programs, and business methodologies of Excentus and Auto-Gas worked. All the while that Blackhawk was obtaining and studying this confidential information, it continued to represent and imply to Excentus and to Auto-Gas (separately) that Blackhawk would be purchasing the business, assets, patents and trade secrets. However, once Blackhawk obtained this valuable information (which was the result of years of effort and substantial expenditures by Auto-Gas and Excentus); Blackhawk backed off of its communications with Excentus and Auto-Gas and became unresponsive. After Auto-Gas had incurred more than $1,000,000 in attorneys' fees in the "purchase transaction" with Blackhawk, Blackhawk directed Auto-Gas to contact a Safeway officer who was ostensibly

studying "plans and models." At some point, the potential acquisition became a pretense for misappropriating the Excentus and Auto-Gas information. In short, after spending about a year obtaining the trade secrets and know-how to establish and operate a fuel rewards system from Excentus and Auto-Gas, Blackhawk and Safeway walked away from the anticipated transactions in late 2007. Approximately six months later, in mid-2008, the Defendants opened their fuel rewards program (called "PowerPump Rewards"), which program unlawfully uses the patents, technologies, and confidential information of Excentus and Auto-Gas, now owned by Excentus.

**DEFENDANTS BEGIN THEIR UNLAWFUL FUEL REWARDS PROGRAM**

27.     Around June 2008, less than a year after Blackhawk ceased discussions with both Excentus and Auto-Gas, Safeway launched its fuel rewards program. Through use of the trade secrets of Excentus and Auto-Gas and the patented inventions, Defendants were able to gain what their own documents describe as "a 2-3 year head start over the competition." The preceding quoted statement was made by Defendants in a presentation during the time they had Auto-Gas believing that Blackhawk was going to purchase the patents Defendants now infringe. Defendants' unlawful fuel rewards program, "PowerPump Rewards," is available at Tom Thumb stores operated by Randall's located throughout the Northern District of Texas. Safeway and its subsidiary Randall's do business as Tom Thumb following Safeway's acquisition of Randall's. Safeway's unlawful PowerPump Rewards program also is found at other Safeway locations throughout the United States. The additional Safeway stores include, but are not limited to, the following brands owned and operated by and through Safeway: Safeway, Randall's, Vons, Pavilions, Dominick's, Carrs, Genuardi's and Pak 'N Save.

- 12 -

## INFRINGEMENT OF U.S. PATENT NO. 6,321,984

28.    On November 27, 2001, United States Patent No. 6,321,984 ("the '984 Patent") was duly and legally issued for an invention entitled "Adjustable price fuel dispensing system." A copy of the '984 Patent is attached as Exhibit A.

29.    The '984 Patent was assigned to Excentus, and Excentus holds all rights and interests in the '984 Patent.

30.    Safeway, Blackhawk and Randall's have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '984 Patent, including but not limited to the PowerPump Rewards program directly and/or indirectly infringing at least claims 1, 2, 8 and 14 of the '984 Patent.

31.    The acts of infringement by Safeway, Blackhawk and Randall's have caused damages to Excentus, and Excentus is entitled to recover from each Defendant the damages sustained by Excentus as a result of their wrongful acts in an amount subject to proof at trial. Each of Defendants' infringement of Excentus' exclusive rights under the '984 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

32.    Furthermore, the infringements of the '984 Patent by Safeway, Blackhawk and Randall's were willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,332,128

33.    On December 18, 2001, United States Patent No. 6,332,128 ("the '128 Patent") was duly and legally issued for an invention entitled "System and method of providing multiple

level discounts on cross-marketed products and discounting a price-per-unit-volume of gasoline." A copy of the '128 Patent is attached as Exhibit B.

34.  The '128 Patent was assigned to Excentus, and Excentus holds all rights and interests in the '128 Patent.

35.  Safeway, Blackhawk and Randall's have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '128 Patent, including but not limited to the PowerPump Rewards program directly and/or indirectly infringing at least claims 1, 3 and 20 of the '128 Patent.

36.  The acts of infringement by Safeway, Blackhawk and Randall's have caused damages to Excentus, and Excentus is entitled to recover from each Defendant the damages sustained by Excentus as a result of their wrongful acts in an amount subject to proof at trial. Each of Defendants' infringement of Excentus' exclusive rights under the '128 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

37.  Furthermore, the infringements of the '128 Patent by Safeway, Blackhawk and Randall's were willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 6,732,081

38.  On May 4, 2004, United States Patent No. 6,732,081 ("the '081 Patent") was duly and legally issued for an invention entitled "Method for providing price-per-unit discounts for fuel to a customer." A copy of the '081 Patent is attached as Exhibit C.

39.  The '081 Patent was assigned to Excentus, and Excentus holds all rights and interests in the '081 Patent.

40. Safeway, Blackhawk and Randall's have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of the '081 Patent, including but not limited to the PowerPump Rewards program directly and/or indirectly infringing at least claim 11 of the '081 Patent.

41. The acts of infringement by Safeway, Blackhawk and Randall's have caused damages to Excentus, and Excentus is entitled to recover from each Defendant the damages sustained by Excentus as a result of their wrongful acts in an amount subject to proof at trial. Each of Defendants' infringement of Excentus' exclusive rights under the '081 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

42. Furthermore, the infringements of the '081 Patent by Safeway, Blackhawk and Randall's were willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 7,383,204

43. On June 3, 2008, United States Patent No. 7,383,204 ("the '204 Patent") was duly and legally issued for an invention entitled "System and method to provide customer incentive to provide non-fuel products and services." A copy of the '204 Patent is attached as Exhibit D.

44. The '204 Patent was assigned to Excentus, and Excentus holds all rights and interests in the '204 Patent.

45. Safeway, Blackhawk and Randall's have engaged and are engaging in unauthorized conduct and activities that violate 35 U.S.C. § 271 et seq., constituting direct infringement, contributory infringement and/or induced infringement of one or more claims of

the '204 Patent, including but not limited to the PowerPump Rewards program directly and/or indirectly infringing at least claims 1 and 5 of the '204 Patent.

46.     The acts of infringement by Safeway, Blackhawk and Randall's have caused damages to Excentus, and Excentus is entitled to recover from each Defendant the damages sustained by Excentus as a result of their wrongful acts in an amount subject to proof at trial. Each of Defendants' infringement of Excentus' exclusive rights under the '204 Patent will continue to damage Excentus' business, causing irreparable harm (including loss of market share), for which there is no adequate remedy at law, unless it is enjoined by this Court.

47.     Furthermore, the infringements of the '204 Patent by Safeway, Blackhawk and Randall's were willful and deliberate, entitling Excentus to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## MISAPPROPRIATION AND THEFT OF TRADE SECRETS

48.     Safeway, Blackhawk Marketing, Blackhawk Network and Randall's have knowingly and intentionally misappropriated the trade secrets disclosed to them in confidence by Excentus and Auto-Gas. Excentus was assigned all of Auto-Gas' trade secrets and causes of action for prior misappropriation of such trade secrets, so Excentus now owns all the trade secrets at issue in this claim.

49.     Such trade secrets have independent economic value. They required very substantial time, effort and funds to develop, revise and complete into the products which Blackhawk and Safeway misappropriated. Competitors would benefit from knowing the information, and Excentus and Auto-Gas exercised reasonable diligence in maintaining the secrecy and confidentiality of the information. Those trade secrets include, but are not limited to, the following: software, source code, schema, logic and business methods, as well as the trade secrets described above and other highly sensitive information needed for a successful fuel

rewards program which presents an advantage over competitors who do not know or use such information. Safeway, Blackhawk and Randall's have unlawfully used these trade secrets, including but not limited to using them in the successful operation of the PowerPump Rewards program, and Blackhawk improperly disclosed and/or allowed Safeway and Randall's to use such trade secrets.

50. The use or disclosure of Excentus' trade secrets has resulted in damage to Excentus and a benefit to Defendants. Excentus sues for its actual and exemplary damages as a result of this misappropriation of trade secrets by Safeway, Blackhawk Marketing, Blackhawk Network and Randall's. Because Defendants' conduct constitutes a violation of Texas Penal Code §31.05 (theft of trade secrets), there is no limit on such exemplary damages.

## COMMON LAW MISAPPROPRIATION

51. Both Excentus and Auto-Gas created successful fuel rewards programs through extensive time, labor, skill and money. Excentus acquired the Auto-Gas fuel rewards programs, technology and confidential information, and Excentus now owns such technology and confidential information.

52. Safeway, Blackhawk and Randall's have used Excentus' products (including those acquired from Auto-Gas) in competition with Excentus and Auto-Gas, thereby gaining a special advantage or free ride because Safeway, Blackhawk Marketing, Blackhawk Network and Randall's have not borne any of the expense incurred by Excentus and Auto-Gas. This conduct by Safeway, Blackhawk and Randall's constitutes common law misappropriation, has caused damages to Excentus and has resulted in improper profits to Defendants.

53. Excentus sues for its actual and exemplary damages as a result of this common law misappropriation by Safeway, Blackhawk Marketing, Blackhawk Network and Randall's.

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW-BUSINESS AND COMMERCE CODE 17200, ET SEQ. AND RESTITUTION**

54.     Safeway and Blackhawk are corporations having the identical principal place of business in the State of California.  The acts outlined in this Complaint are unlawful, unfair and anti-competitive.  These acts occurred, at least, in California and Texas.  They violate California Business and Professions Code 17200.  Safeway and Blackhawk should be enjoined from further violations of Section 17200.

**IMPOSITION OF A CONSTRUCTIVE TRUST**

55.     The above-described patent infringement, misappropriation of trade secrets, common law misappropriation, violations of Section 17200 and other wrongful conduct by Safeway, Blackhawk and Randall's have proximately caused damages to Excentus.  At the same time, such wrongful conduct has directly and unjustly benefited Safeway, Blackhawk and Randall's insofar as the wrongful conduct described above has led to the creation, existence, viability and success of the PowerPump Rewards program.  PowerPump Rewards was not independently created.  It came into existence only after Safeway and Blackhawk learned everything needed from the Excentus and Auto-Gas trade secrets and patents.  Without the wrongfully acquired information, PowerPump Rewards simply could not exist or compete.  PowerPump Rewards can be traced to this wrongfully acquired information.

56.     Excentus is therefore entitled to have the Court impose a constructive trust on the PowerPump Rewards program and all monies, benefit, goodwill and assets related to it.  PowerPump Rewards was built on the trade secrets, patents and know how wrongfully misappropriated from Excentus and Auto-Gas.  Safeway, Blackhawk Marketing, Blackhawk Network and Randall's would be unjustly enriched if allowed to retain the PowerPump Rewards

program and the benefits derived from it.  Excentus is entitled to all the benefits accruing to

Safeway, Blackhawk Marketing, Blackhawk Network and Randall's from such misappropriation.

## INJUNCTION/EQUITABLE RELIEF

57.    Safeway, Blackhawk and Randall's have caused and will continue to cause

Excentus substantial damage and injury by virtue of their conduct as set forth in this pleading.

Excentus will suffer further damage and irreparable injury unless and until Defendants are

enjoined by this Court from continuing such conduct.

## PRAYER

WHEREFORE, Excentus respectfully prays that upon final trial a judgment be entered

and that the following relief be granted.

(1)    For judgment that the '984 Patent has been and will continue to be infringed by
Defendants Safeway, Blackhawk Marketing, Blackhawk Network and Randall's;

(2)    For judgment that the '128 Patent has been and will continue to be infringed by
Defendants Safeway, Blackhawk Marketing, Blackhawk Network and Randall's;

(3)    For judgment that the '081 Patent has been and will continue to be infringed by
Defendants Safeway, Blackhawk Marketing, Blackhawk Network and Randall's;

(4)    For judgment that the '204 Patent has been and will continue to be infringed by
Defendants Safeway, Blackhawk Marketing, Blackhawk Network and Randall's;

(5)    For an accounting of all damages sustained by Excentus as a result of the acts of
infringement by each Defendant;

(6)    For preliminary and permanent injunctions enjoining the aforesaid acts of
infringement by each Defendant, their officers, agents, servants, employees, subsidiaries and
attorneys, and those persons acting in concert with them, including related individuals and
entities, customers, representatives, dealers and distributors;

(7)    For actual damages together with prejudgment interest against all Defendants,
jointly and severally;

(8)    For enhanced damages pursuant to 35 U.S.C. § 284 against all Defendants, jointly
and severally;

(9)    For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise
permitted by law against all Defendants, jointly and severally;

- 19 -

(10)    For exemplary damages against all Defendants, jointly and severally;

(11)    For preliminary and permanent injunctions enjoining Safeway, Blackhawk Marketing, Blackhawk Network and Randall's, their officers, agents, employees and those persons operating in cooperation with them, from using Excentus' trade secrets and/or fuel rewards programs in any way and from continuing to operate the PowerPump Rewards Program;

(12)    For a constructive trust to be imposed as set forth above on the PowerPump Rewards Program and all benefits flowing from it;

(13)    For all costs of suit, prejudgment and post-judgment interest as allowed by law; and

(14)    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Excentus Corporation demands a trial by jury.

Dated: June 17, 2009                        Respectfully submitted,

_____
                                                        Brett C. Govett
                                                        State Bar No.  08235900
                                                        Karl G. Dial
                                                        State Bar No.  05800400
                                                        2200 Ross Avenue, Suite 2800
                                                        Dallas, TX 75201-2784
OF COUNSEL:                                Telephone:  (214) 855-8000
FULBRIGHT & JAWORSKI L.L.P.    Facsimile:  (214) 855-8200

                                                        Stephen H. Suttle
                                                        State Bar No.  19526000
                                                        P.O. Box 3679
                                                        Abilene, TX 79604-3679
OF COUNSEL:                                Telephone:  (915) 676-9183
MCMAHON SUROVIK SUTTLE, P.C.    Facsimile:  (915) 676-8836

                                                        COUNSEL FOR PLAINTIFF
                                                        EXCENTUS CORPORATION