IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 1:09-CV-00106 |
| SAFEWAY, INC., BLACKHAWK NETWORK, INC., BLACKHAWK MARKETING, LLC and RANDALL'S FOOD & DRUGS, LP, | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff/Counterclaim Defendant, Excentus Corporation ("Excentus"), answers the counterclaims of Defendants/Counterclaim Plaintiffs Safeway Inc. ("Safeway"), Blackhawk Network, Inc. ("Blackhawk Network"), Blackhawk Marketing, LLC ("Blackhawk Marketing"), and Randall's Food & Drugs, LP ("Randall's") (collectively "Defendants") as follows:

**COUNTERCLAIMS**

**PARTIES**

1.      Excentus admits the allegations in Paragraph 1 of Safeway Inc., Blackhawk Network, Inc., Blackhawk Marketing, LLC, and Randall's Food & Drugs LP's Answer, Affirmative Defenses, and Counterclaims to Excentus Corporation's Original Complaint ("Defendants' Counterclaims").

2.      Excentus admits the allegations in Paragraph 2 of the Defendants' Counterclaims.

3.      Excentus admits that Randall's is a limited partnership existing under the laws of Delaware. Excentus lacks knowledge or information sufficient to form a belief about the truth of

85208452.2

the other allegations in Paragraph 3 of the Defendants' Counterclaims and the allegations are therefore denied.

4. Excentus admits the allegations in Paragraph 4 of the Defendants' Counterclaims.

## JURISDICTION AND VENUE

5. Excentus admits the allegations in Paragraph 5 of the Defendants' Counterclaims.

6. Excentus admits the allegations in Paragraph 6 of the Defendants' Counterclaims.

7. Excentus admits the allegations in Paragraph 7 of the Defendants' Counterclaims.

## COUNTERCLAIM I

### (Declaratory Judgment of Non-Infringement)

8. No response is needed to Paragraph 8 of Defendants' Counterclaims.

9. Excentus admits the allegations in Paragraph 9 of the Defendants' Counterclaims.

10. Excentus denies the allegations in Paragraph 10 of the Defendants' Counterclaims.

11. Excentus denies the allegations in Paragraph 11 of the Defendants' Counterclaims.

12. Excentus denies the allegations in Paragraph 12 of the Defendants' Counterclaims.

13. Excentus denies the allegations in Paragraph 13 of the Defendants' Counterclaims.

## COUNTERCLAIM II

**(Declaratory Judgment of Invalidity)**

14. No response is needed to Paragraph 14 of Defendants' Counterclaims.

15. Excentus denies the allegations in Paragraph 15 of the Defendants' Counterclaims.

16. Excentus denies the allegations in Paragraph 16 of the Defendants' Counterclaims.

17. Excentus denies the allegations in Paragraph 17 of the Defendants' Counterclaims.

18. Excentus denies the allegations in Paragraph 18 of the Defendants' Counterclaims.

## COUNTERCLAIM III

**(Declaratory Judgment of Unenforceability)**

19. No response is needed to Paragraph 19 of Defendants' Counterclaims.

20. Excentus denies the allegations in Paragraph 20 of the Defendants' Counterclaims.

21. Excentus denies the allegations in Paragraph 21 of the Defendants' Counterclaims.

22. Excentus denies the allegations in Paragraph 22 of the Defendants' Counterclaims.

23. Excentus denies the allegations in Paragraph 23 of the Defendants' Counterclaims.

24. Excentus denies that Defendants are entitled to the relief requested in their prayer for relief.

25. To the extent not previously admitted, Excentus denies the allegations in Defendants' Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Excentus respectfully prays for judgment and requests that this Court:

1. Dismiss all of the Defendants' counterclaims with prejudice;

2. Enter judgment in favor of Excentus as requested in its Complaint;

3. Declare U.S. Patent No. 6,321,984 to be valid, enforceable, and willfully infringed by each of the Defendants;

4. Declare U.S. Patent No. 6,332,128 to be valid, enforceable, and willfully infringed by each of the Defendants;

5. Declare U.S. Patent No. 6,732,081 to be valid, enforceable, and willfully infringed by each of the Defendants;

6. Declare U.S. Patent No. 7,383,204 to be valid, enforceable, and willfully infringed by each of the Defendants;

7. Award Excentus its reasonable costs, expenses, and attorneys fees; and

8. Grant such other and further relief as the Court may deem just and proper.

Dated: August 25, 2009

Respectfully submitted,

/s/ *Brett C. Govett*
Brett C. Govett
State Bar No.  08235900
Karl G. Dial
State Bar No.  05800400
**FULBRIGHT & JAWORSKI L.L.P.**
2200 Ross Avenue, Suite 2800
Dallas, TX  75201-2784
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

:

**COUNSEL FOR PLAINTIFF
EXCENTUS CORPORATION**

Stephen H. Suttle
State Bar No.  19526000
**MCMAHON SUROVIK SUTTLE, P.C**.
P.O. Box 3679
Abilene, TX 79604-3679
Telephone:  (915) 676-9183
Facsimile:  (915) 676-8836

**OF COUNSEL FOR PLAINTIFF
EXCENTUS CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule 5.1(f) are being served with a notice of electronic filing of this pleading via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule LR 5.1.

/s/ *Brett C. Govett* _____
Brett C. Govett