IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EXCENTUS CORPORATION, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  3:09-CV-1875 |
| SAFEWAY, INC., BLACKHAWK NETWORK, INC., BLACKHAWK MARKETING, LLC and RANDALL'S FOOD & DRUGS, LP, | § § § § § | Transferred from No. 1:09-CV-00106 |
| Defendants. | § § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

Plaintiff Excentus Corporation ("Plaintiff" or "Excentus") files this Reply to Defendants' Supplemental Response to Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 (the "Motion to Transfer") and respectfully shows the Court the following:

**I.  THE COURT HAS THE POWER TO RECONSIDER THE VENUE MOTION**

This Court has the power and authority to reconsider Judge Cummings' transfer Order. *O'Keefe v. Noble Drilling Corp.*, No. 08-41305, 2009 WL 2957320, at *2 (5th Cir. Sept. 15, 2009) ("A judge to whom a case has been transferred has the same power to reconsider prior rulings as the predecessor judge."). Furthermore, "[t]he district court has broad discretion to control its docket and allow late-filed pleadings." *Cox v. Irby*, 281 Fed. Appx. 390, 391 (5th Cir. 2008). The Court should grant Plaintiff's Motion for Reconsideration and review Plaintiff's Response to the Motion to Transfer so that it can render an equitable decision on the merits.

**II.  SUPPLEMENTAL RESPONSE IGNORES INVENTOR AND NINE DECLARATIONS IN APPENDIX**

Defendants' Supplemental Response to the Motion for Reconsideration[1] attempts to: (a) improperly prevent the Court from reconsidering the Motion to Transfer by arguing law of the case, which does not apply to reconsideration of an Order granting the Motion to Transfer; and (b) erroneously shift the burden to Plaintiff on the Motion to Transfer. Defendants' technicality-laden attempts to avoid reconsideration are improper and do not correctly apply the law. In addition, Defendants' Supplemental Response continues to ignore the single most relevant factor related to the merits of the Motion to Transfer – that trial in Dallas jeopardizes the health and

---

[1] Defendants filed their Supplemental Response to Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (referred to herein as "Supplemental Response") on October 19, 2009, in the Dallas Division of the Northern District of Texas. Plaintiff filed its Motion for Reconsideration of the Order Granting Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (referred to herein as "Motion for Reconsideration") on October 5, 2009.

safety of Randy Nicholson, the 72-year old Abilene resident who invented the patents-in-suit and many of the trade secrets at issue – as well as the impact of the other nine (9) declarations from potential witnesses stating that trial in Abilene is *not* inconvenient.

Plaintiff recognizes that Judge Cummings has transferred this case to the Dallas Division. Plaintiff seeks reconsideration of the transfer Order to hold the trial of this case in Abilene to better serve the interests of justice, whether by denying the Motion to Transfer or, if this Court keeps this case, by adjudicating all pre-trial matters in Dallas and conducting the actual trial in Abilene. *See Beck v. Koppers, Inc.*, No. 3:03CV160-P-D, 2009 U.S. Dist. LEXIS 11632, at *7 (N.D. Miss. Jan. 29, 2009) (holding that a United States District Court has the power to conduct trial in a different division than where it normally sits).

### III.    ARGUMENTS AND AUTHORITIES

#### A.    Law of the Case Doctrine is Not Applicable to a Motion for Reconsideration.

Defendants incorrectly argue that the Court cannot reconsider Judge Cummings' transfer Order because it is the "law of the case." Supplemental Response at 5. The Fifth Circuit ruled last month that law of the case does not bar to a transferee judge from reconsidering a ruling made by a transferor judge, as follows:

> [T]he law of the case doctrine is a rule of convenience and utility and yields to adequate reason, for the predecessor judge could always have reconsidered his initial decision so long as the case remained in his court. *A judge to whom a case has been transferred has the <u>same power to reconsider prior rulings</u> as the predecessor judge*.

*O'Keefe*, 2009 WL 2957320, at *2 (emphasis added) (internal quotations and footnotes omitted); *see also Abshire v. Seacoast Prods., Inc.*, 668 F.2d 832, 837-838 (5th Cir. 1982). Contrary to Defendants' argument, the *O'Keefe* ruling clearly establishes that this Court has discretion to reconsider the Motion to Transfer.

In support of their "law of the case" argument, Defendants cite to two cases, neither of which involved a motion for reconsideration. *See In re Cragar Indus., Inc.*, 706 F.2d 503 (5th Cir. 1983) (a *mandamus* case in which the petitioner asked the Fifth Circuit to *re-transfer* a case to its original district *almost three years after it was first transferred*); *Emke v. Compana LLC*, No. 3:06-CV-1416-O, 2009 WL 229965 (N.D. Tex. Jan. 30, 2009) (evaluating an *original motion to transfer* on the merits; no reconsideration involved). Neither case holds that a court cannot reconsider an order transferring a case to a new division within a district.

The law of the case doctrine does not apply to this Court's reconsideration of the Motion to Transfer.

### B. Upon Reconsideration, Burden of Motion to Transfer Stays with Defendants.

Defendants' attempt to shift the burden to Plaintiff on the Motion to Transfer also is an incorrect application of the law. *See* Supplemental Response at 9-10 (re-characterizing Plaintiff's Motion for Reconsideration as a motion to transfer). Plaintiff has not filed a motion to re-transfer venue as Defendants assert; instead, Plaintiff has filed a motion to reconsider Judge Cummings' Order on Defendants' Motion to Transfer. In reconsidering the Motion to Transfer, the burden should remain with Defendants.

Courts reconsidering motions to transfer, upon deciding that reconsideration is appropriate, continue to maintain the burden as it was in the original motion to transfer venue. *See Active Zones of Am., LLC v. SDV (USA) Inc.*, No. 05-1584, 2007 WL 2480360 (W.D. La. Aug. 23, 2007) (continuing to place the burden under 28 U.S.C. § 1404(a) on the party seeking transfer in connection with reconsideration of the motion to transfer venue). The Federal Circuit case cited by Defendants (which, yet again, does not involve a motion for reconsideration) states nothing to the contrary.

Plaintiff's Motion for Reconsideration asks the Court to reconsider the Order Granting

PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Page 3

the Motion to Transfer, so when the Court decides the merits of that Motion to Transfer, the burden should remain with Defendants.

### C. This Court Should Decide That Trial Should be in Abilene.

Adjudged purely on the merits, this action belongs in Abilene. Because the Response and supporting proof were filed late, Judge Cummings did not have the opportunity to consider the merits of the underlying Motion to Transfer. This Court does. Defendants would have this Court elevate procedural rigidity and technicality above the substantive issues and notions of equity and justice. Such advocacy runs contrary to the spirit of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed and administered to secure the ***just***, speedy, and inexpensive determination of every action and proceeding.") (emphasis added); *Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."). The Fifth Circuit also has addressed the type of "gotcha" argument advanced by Defendants: "We note, though, that motions deadlines such as these are not rigid and the district court has broad discretion to control its own docket and extend filing deadlines." *Yee v. Baldwin-Price*, 325 Fed. Appx. 375, 378 (5th Cir. 2009); *see also Cox*, 281 Fed. Appx. at 391 ("The district court has broad discretion to control its docket and allow late-filed pleadings").

This Court has broad discretion to reconsider the Motion to Transfer, and Plaintiff implores the Court to do so because counsel's error was excusable and failing to do so would result in manifest injustice. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n. 14 (5th Cir. 1994) ("the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration."); *Duarte v. Bardales*, 526 F.3d 563,

PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Page 4

567 (9th Cir. 2008) (holding that the district court committed error by not setting aside a judgment that was manifestly unjust); *Collision v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994) (noting that the prevention of manifest injustice is a ground for granting a Rule 59(e) motion).

Plaintiff's Complaint time and again refers to the events at issue occurring in Abilene. *See* Complaint ¶¶ 12, 13, 25, 26. Mr. Nicholson is an inventor on each of the patents-in-suit and the primary non-party witness in this case. Plaintiff anticipates that Mr. Nicholson will testify as to the nature, process, prosecution, validity, and infringement of the patents-in-suit. Additionally, as the owner of Auto-Gas Systems, Inc. ("Auto-Gas"), Mr. Nicholson will likely testify as to precisely how Defendants misappropriated many of the Auto-Gas trade secrets at issue (which are now owned by Excentus). Furthermore, Mr. Nicholson will likely testify to the transfer of the patents and trade secrets at issue from Auto-Gas to Excentus.

Unfortunately, Mr. Nicholson is in poor health, and travel is especially difficult for him.[2] Though Defendants sought transfer for the convenience of the parties and witnesses, Defendants not only failed to address the serious consequences trial in Dallas would have on Mr. Nicholson's well-being, but also failed to address the fact that Plaintiff's (belated) Response included nine (9) additional declarations that trial in Abilene was ***not*** inconvenient. Of course, Defendants filed no declarations stating that trial in Abilene was inconvenient. The myriad reasons that equity and justice require trial be conducted in Abilene are described in Plaintiff's Response (*see* Exhibit A to the Motion for Reconsideration).

Furthermore, contrary to Defendants' assertions, Abilene residents have a much stronger interest in this case than Dallas residents. The patents-in-suit were largely developed by Mr. Nicholson in Abilene. The patents-in-suit were then assigned to Auto-Gas, a company

---

[2] *See* Declaration of Randy Nicholson, Appendix to the Motion for Reconsideration at 000004-5.

headquartered in Abilene. From its headquarters in Abilene, Auto-Gas marketed and licensed the patents-in-suit to third parties. These patents are at the heart of Plaintiff's claims for patent infringement; they are also at the heart of Defendants' counterclaims for declaratory judgment of invalidity and non-infringement. Additionally, Auto-Gas developed many of the trade secrets misappropriated by Defendants in Abilene.

Attempting to counter-balance the considerable local interest concentrated in Abilene, Defendants point to the fact that they have operated grocery stores within the Dallas Division where the infringing Power Pump Rewards program was deployed. Supplemental Response at 3. The Fifth Circuit has rejected a similar argument in the products liability context. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008) ("the district court's provided rationale—that the citizens of Marshall have an interest in this product liability case because the product is available in Marshall, and that for this reason jury duty would be no burden—stresses logic in a manner that eviscerates the public interest that this factor attempts to capture.").

## IV.   CONCLUSION

Plaintiff respectfully prays that the Court reconsider Defendants' Motion to Transfer, consider Plaintiff's Response to Defendants' Motion to Transfer and all supporting evidence, vacate the October 5, 2009 Order transferring this action to the Dallas Division, and transfer this case to the Abilene Division. In the alternative, Plaintiff respectfully requests that the Court set the trial of this case in Abilene, even if pretrial matters are heard in Dallas.

PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF
THE ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Page 6

| | |
|---|---|
| Dated: October 20, 2009 | Respectfully submitted, |
| | /s/ Brett C. Govett |
| | Brett C. Govett |
| | State Bar No. 08235900 |
| | Karl G. Dial |
| | State Bar No. 05800400 |
| | 2200 Ross Avenue, Suite 2800 |
| | Dallas, TX 75201-2784 |
| | Telephone: (214) 855-8000 |
| | Facsimile: (214) 855-8200 |
| OF COUNSEL: | |
| FULBRIGHT & JAWORSKI L.L.P. | Stephen H. Suttle |
| | State Bar No. 19526000 |
| | P.O. Box 3679 |
| | Abilene, TX 79604-3679 |
| | Telephone: (915) 676-9183 |
| | Facsimile: (915) 676-8836 |
| OF COUNSEL: | |
| MCMAHON SUROVIK SUTTLE, P.C. | |
| | COUNSEL FOR PLAINTIFF |
| | EXCENTUS CORPORATION |

PLAINTIFF'S REPLY TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

Page 7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service in compliance with Local Rule 5.1(f) are being served with a notice of electronic filing of this pleading via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and Local Rule LR 5.1.

*/s/ Brett C. Govett*
Brett C. Govett